

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | | |
|---|---|---|
| JIMMY HINTON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | 7:18-cv-01627-LSC |
| PICKENSVILLE POLICE DEPARTMENT, *et al.,* | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OF OPINION

Before this Court is Defendant, Casey Edmonds ("Edmonds's"), Motion to Dismiss. (Doc. 8.) Plaintiff, Jimmy Hinton ("Hinton"), was given an opportunity to file a response to Edmonds's Motion. (Doc. 10.) Hinton has not filed a response, and the briefing period has expired. The motion is now ripe for review. For the reasons stated below, Edmonds's motion (doc. 8) is due to be granted, and Hinton's remaining claims against the Pickensville Police Department, Carrollton Police Department, and Carrollton Sheriff's Department are due to be dismissed for failure to prosecute.

## I.    BACKGROUND[1]

---

[1]    In evaluating a motion to dismiss, this Court "accept[s] the allegations in the complaint as true and construe[s] the facts in the light most favorable to the plaintiff." *Lanfear v. Home Depot, Inc.,* 679 F.3d 1267, 1275 (11th Cir. 2012). The following facts are, therefore, taken from

Hinton alleges he was arrested by Edmonds and six or more other officers from the Carrolton Police Department and the Pickens County Sheriff's Department at his home. These officers are alleged to have broken down Hinton's door and handcuffed him without presenting a warrant or reading him his rights. After Hinton was handcuffed, he was taken out of his home and held in his front yard naked because the arresting officers did not allow him to get dressed. The Officers then took Hinton from his front yard and into custody. Hinton alleges that Defendants "lock me up, then use fake warrant for me to be released. tell a lie on my son he's been held for 8 months on that lie to hurt me. tell me all he heard about me is how I like to fight cops." (Doc. 1 at 5.)

## II.    STANDARD OF REVIEW

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). However, in order to withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint "must plead enough facts to state a claim to relief that is plausible on its face." *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1347–48 (11th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content

---

Plaintiff's allegations contained in the Complaint, and the Court makes no ruling on their veracity.

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Stated another way, the factual allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). A complaint that "succeeds in identifying facts that are suggestive enough to render [the necessary elements of a claim] plausible" will survive a motion to dismiss. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1296 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556) (internal quotation marks omitted).

In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* Review of the complaint is "a context-specific task that requires [this Court] to draw on its judicial experience and common sense." *Id.* If the pleading "contain[s] enough information regarding the material elements of a cause of action to support recovery under some 'viable legal theory,'" it satisfies the notice pleading standard. *Am. Fed'n of Labor & Cong. of Indus. Orgs. v. City of Miami*, 637 F.3d 1178,

1186 (11th Cir. 2011) (quoting *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683–84 (11th Cir. 2001)).

## III.  DISCUSSION

### a.  EDMONDS'S MOTION TO DISMISS

As an initial matter, the Court notes that Hinton's complaint does not indicate what legal cause of action he seeks to bring. Instead, Hinton's complaint merely lists factual allegations regarding his arrest. It appears to this Court that Hinton is attempting to bring constitutional claims under 42 U.S.C. § 1983 in regard to his arrest. *See Rushing v. Parker*, 599 F. 3d 1263, 1265 (11th Cir. 2010). It is not clear whether Hinton seeks to bring a claim for unlawful arrest, excessive force, or both.

Hinton's allegations regarding Edmonds's actions are vague. Hinton's complaint alleges that Edmonds was among the six or more other officers that participated in his arrest. Hinton's complaint does not indicate what Edmonds's role was in the arrest. This lack of specificity is fatal as the Court cannot determine the merits of Hinton's claims against Edmonds if it is not clear what actions Edmonds actually took, if any, or whether Edmonds's possible inaction created a cause of action. Therefore, the Court cannot determine whether Edmonds's actions, or lack thereof, could plausibly constitute a constitutional violation. Thus,

Hinton's claims against Edmonds are due to be dismissed for failure to state a claim.

Edmonds also seeks dismissal of Hinton's claims against him with prejudice on the grounds of qualified immunity, Peace Officer Immunity, and State Agent Immunity. To be entitled to a defense of qualified immunity, an official must be engaged in a "discretionary function" when he performed the acts of which the plaintiff complained. *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1264 (11th Cir. 2004) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "Under qualified immunity analysis, the public official must first prove that he was acting within the scope of his discretionary authority when the allegedly unconstitutional acts took place." *Storck v. City of Coral Springs*, 354 F.3d 1307, 1314 (11th Cir. 2003). Here, Edmonds has demonstrated that he was acting within the discretionary scope of his authority when he was at the scene of Hinton's arrest pursuant to a warrant.[2]

"Once a defendant establishes that he was acting within his discretionary authority, the burden shifts to the plaintiff to show that the defendant is not entitled to qualified immunity." *Cottone v. Jenne*, 326 F.3d 1352, 1358 (11th Cir. 2003). "To overcome qualified immunity, the plaintiff must satisfy a two prong

---

[2]     Hinton provides no allegations that show how Edmonds acted, let alone that Edmonds acted outside the scope of his discretionary authority.

test; he must show that: (1) the defendant violated a constitutional right, and (2) this right was clearly established at the time of the alleged violation." *Holloman*, 370 F.3d at 1264 (citing *Wilson v. Layne*, 526 U.S. 603, 609 (1999)). Hinton has not responded to Edmonds's motion to dismiss. Moreover, as stated above, Hinton's complaint does not sufficiently allege that Edmonds violated his constitutional right. Accordingly, Hinton has not met his burden to show that Edmonds is not entitled to qualified immunity, and Hinton's claims against Edmonds are due to be dismissed with prejudice because Edmonds is entitled to qualified immunity.

The Alabama Supreme Court has established a burden-shifting process governing the assertion of state-agent immunity. First, the state agent bears the burden of showing that he was engaged in a function that gives rise to state-agent immunity. *Giambrone v. Douglas*, 874 So. 2d 1046, 1052 (Ala. 2003). Once he has done so, the burden shifts to the plaintiff to show that one of the two exceptions to state-agent immunity recognized in *Ex parte Cranman,* 792 So. 2d 392, 405 (Ala. 2000), applies. *See Ex parte Kennedy*, 992 So. 2d 1276, 1282–83 (Ala. 2008). The facts indicate that Edmonds was performing a discretionary function as a law enforcement officer at the time he interacted with Hinton. *See Ex parte City of Tuskegee*, 932 So. 2d 895, 905 (Ala. 2005). Accordingly, the burden shifts to Hinton to show that an exception applies. As discussed above, Hinton has not responded to

Edmonds's motion nor has he pled facts indicating the exact role Edmonds had in the arrest. Accordingly, Hinton has not alleged sufficient facts to indicate that Edmonds acted willfully, maliciously, fraudulently, in bad faith, beyond his authority, or under a mistaken interpretation of the law. Therefore, Edmonds is entitled to State Agent and Peace Officer immunity, and thus all state law claims Hinton is asserting are due to be dismissed with prejudice.

### b. FAILURE TO PROSECUTE

Hinton filed suit (doc. 1) on October 4, 2018. Thereafter, the Court approved Hinton's application to proceed *in forma pauperis* and ordered him to provide addresses for all defendants to enable the Court to effect service. (Doc. 4.) Plaintiff provided the Court with only Edmonds's address. (Doc. 5.) In January 2019, the Court again ordered Hinton to provide addresses for the remaining defendants. (Doc. 10.) The Court cautioned Hinton that his failure to respond could result in the dismissal of these defendants. (*Id.*) The Court has not heard from Hinton since November 13, 2018. Accordingly, the Court will dismiss without prejudice Hinton's claims against the Pickensville Police Department, Carrollton Police Department, and Carrollton Sheriff's Department for failure to prosecute. FED. R. CIV. P. 41 (b).

## IV.  CONCLUSION

For the reasons stated above, Edmonds's motion (doc. 8) is due to be granted, and Defendants Pickensville Police Department, Carrollton Police Department, and Carrollton Sheriff's Department are due to be dismissed from this action due to Hinton's failure to prosecute. An order consistent with this opinion will be entered contemporaneously herewith.

**DONE** and **ORDERED** on May 8, 2019.

L. Scott Coogler
United States District Judge

195126